NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**ANDRES VALERIO**,

                Petitioner,

                v.

**WILLIAM JOYCE, et al.**,

                Respondents.

Civil Action No. 25-17225 (ZNQ)

**OPINION**

---

**QURAISHI, District Judge**

This matter comes before the Court on petitioner Andres Valerio's verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1) and Respondents' answer in opposition to habeas relief (Answer, ECF No. 20). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant the petition.

I.    **BACKGROUND**

Petitioner, a citizen of Mexico who entered the United States through California on an unknown date in 1984, was taken into custody by Customs and Border Protection ("CBP") outside his home in Flushing, New York on October 20, 2025. (*See* Record of Deportable/Inadmissible Alien, ECF No. 20-1 at 2-3.) Petitioner reported that he and his wife have six children, one a United States citizen, one a lawful permanent resident, and the other children are citizens and nationals of Mexico. (*See id.* at 3.) Upon Petitioner's arrest pursuant to a warrant based on evidence that he lacked immigration status (*see* Warrant for Arrest of Alien, ECF No. 20-2 at 1), he was issued a Form I-862 Notice to Appear, requiring him to appear before an immigration judge

on November 4, 2025.  (*See* Notice to Appear, ECF No. 20-3 at 1-3).  Department of Homeland

Security ("DHS") determined to maintain Petitioner in custody pending removal proceedings.  (*See*

Record of Deportable/Inadmissible Alien, ECF No. 20-1 at 3.)

At the time his habeas petition was filed, Petitioner was held in detention by immigration

authorities at Delaney Hall Detention Facility in New Jersey.  (*See* Transfer Order, ECF No. 15.)

Because Petitioner filed his petition in the U.S. District Court for the Southern District of New

York while in custody in New Jersey, the petition was transferred to this Court on November 5,

2025, pursuant to 28 U.S.C. § 1406(a).  (*See id.*)  Petitioner has obtained pro bono counsel, Paige

Austin, Esq.  (*See* Notice of Appearance, ECF No. 13.)

Petitioner raised four grounds for relief in his petition:  (1) violation of the Immigration

and Nationality Act ("INA") because his detention under 8 U.S.C. § 1225 violates the plain

language of the statute; (2) violation of his Fifth Amendment right to due process because he is

unlawfully detained without an opportunity to seek release; (3) violation of his Fifth Amendment

liberty interest where his detention serves no legitimate purpose because he is not a danger to the

public or a flight risk; and (4) his detention under § 1225(b)(1) (A) is a violation of the INA and

the Administrative Procedure Act, 5 U.S.C. § 706(2), because he is not an arriving alien and has

been present in the United States for decades.  (*See* Pet., ECF No. 1 ¶ 13.)

Respondents oppose habeas relief on the basis that Petitioner is an "applicant for

admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and, thus, due process

permits his detention without a bond hearing during removal proceedings.  (*See* Answer, ECF No.

20 at 7-13.)

This Court has jurisdiction pursuant to 28 U.S.C. § 2241(c)(3). Therefore, the Court will

determine the merits of the petition.

II.     **DISCUSSION**

A.     **Statutory Interpretation**

The Administrative Procedure Act, 5 U.S.C. § 706, codified the longstanding judicial practice of courts deciding legal questions by applying their own judgment.  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024).  "[C]ourts must exercise independent judgment in determining the meaning of statutory provisions." *Id.* at 394.  Courts should determine the best meaning of the statute by using the traditional tools of statutory instruction. *See id.* at 400.  Even when a statute is best read to delegate discretionary authority to an agency, reviewing courts must still independently interpret the statute "and effectuate the will of Congress subject to constitutional limits." *Id.* at 395.

B.     **Statutory Framework**

1.     **Detention under 8 U.S.C. § 1225(b)(2)(A)**

8 U.S.C. § 1225 expressly governs "Inspection by Immigration officers; expedited removal of inadmissible arriving aliens; [and] referral for hearing."  First, the statute defines "applicants for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . ." § 1225(a)(1).  Section 1225(a)(3) provides "[a]ll aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers."  An alien applying for admission may withdraw the application and depart the United States immediately.  § 1225(a)(4).  An applicant for admission may be required to answer, under oath, any questions of an immigration officer regarding their purpose and intention of seeking admission.  § 1225(a)(5).

Section 1225(b) governs inspection of applicants for admission and requires screening of "aliens arriving in the United States and certain other aliens who have not been admitted or

paroled." § 1225(b)(1). Upon screening, if the immigration officer determines the arriving alien

is inadmissible under 8 U.S.C. § 1182(a)(6)(C), "the officer shall order the alien removed from the

United States without further hearing or review unless the alien indicates either an intention to

apply for asylum under section 1158 of this title or a fear of persecution." § 1225(b)(1)(a)(i).

Section 1225(b)(1)(B) governs asylum interviews, and subsections (C) and (D) govern limitations

on administrative review and collateral attacks.

Turning to § 1225(b)(2)(A), it applies to "other aliens" who are applicants for admission

but are not crewman, stowaways or subject to § 1225(b)(1). § 1225(b)(2)(B). Under §

1225(b)(2)(A):

> in the case of an alien who is an applicant for admission, if the
> examining immigration officer determines that an alien seeking
> admission is not clearly and beyond a doubt entitled to be admitted,
> the alien shall be detained for a proceeding under section 1229a of
> this title.

### 2.     Detention under 8 U.S.C. § 1226(a)

8 U.S.C. § 1226(a), Apprehension and detention of aliens, provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to
> be removed from the United States. Except as provided in
> subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and
> containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an
> "employment authorized" endorsement or other appropriate work

permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

### C.    Analysis

Respondents contend Petitioner's detention without a bond hearing is lawful under the plain text of § 1225(b)(2). (Answer, ECF No. 20 at 7-13.) Respondents cite, as persuasive authority, the Board of Immigration Appeals recent decisions in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216; *see also Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). (*See id.* at 13.) Respondents argue §1225(b) is best interpreted to require ICE to detain two types of applicants for admission: (1) noncitizens who have "arrived in the United States" recently; and (2) noncitizens "who have not been admitted." (S*ee id.*) The latter category applies to Petitioner because he is in the United States without admission or parole. (*See id.*) Respondents acknowledge that immigration officials did not always interpret § 1225(b) in this manner. (*See id.*, n. 5.)

This Court has routinely agreed with the vast majority of courts who have held § 1226(a), not § 1225(b), governs detention of noncitizens, like Petitioner, who are inadmissible but have resided in the United States many years without inspection and have been arrested under § 1226(a) for removal proceedings. *See Rivera v. Zumba*, No. 25-CV-14626 (KSH), 2025 WL 2753496, at *8 (D.N.J. Sept. 26, 2025) (rejecting the argument that issuance of a notice to appear years after the petitioner's entry into the United States substitutes for an inspection by an examining immigration officer at or near the border under § 1225(b)); *Bethancourt Soto v. Soto*, No. 25-CV-16200 (CPO), 2025 WL 2976572, at *6 (D.N.J. Oct. 22, 2025) ("Petitioner's interpretation, that § 1225(b)(2)(A) applies only when a noncitizen is affirmatively 'seeking admission' at or near the border or a port of entry, comports with the ordinary meaning of the statutory text"); *Lomeu v. Soto*, No. 25CV16589 (EP), 2025 WL 2981296, at *8 (D.N.J. Oct. 23, 2025) (finding the lack of

inspection indicates the petitioner sought to remain in the country under § 1226(a) as opposed to seeking admission under § 1225(b)(2)(A)); *Patel v. Almodovar*, No. CV 25-15345 (SDW), 2025 WL 3012323, at *2 (D.N.J. Oct. 28, 2025) ("[t]he line historically drawn between these two sections ... is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country'") (cleaned up); *Buestan v. Chu*, No. 25-16034 (MEF), 2025 WL 2972252, at *1 (D.N.J. Oct. 21, 2025) (collecting cases); *see also Eliseo A.A. v. Olson.*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Lopez Benitez v. Francis*, No. 25-5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025) ("[b]y reading [the] phrase [seeking admission] out of the statute, Respondents' interpretation of § 1225 clearly 'violates the rule against surplusage'"); *Sampiao v. Hyde*, No. 25-11981 (JEK) (Sept. 9, 2025), 2025 WL 2607924, at *7 (D. Mass. Sept. 9, 2025) ("[t]he plain text of Section 1226(a) … indicates Congress's intent to establish a discretionary, rather than mandatory, detention framework for noncitizens arrested on a warrant"); *Leal-Hernandez v. Noem*,  No. 25-2428 (JRR) 2025 WL 2430025, at *10 (D. Md. Aug. 24, 2025) ("The Government appears willfully blind to the operation of 8 U.S.C. § 1226(a)" by ignoring the statutory text that an alien may be arrested and detained on a warrant issued by the Attorney General pending a decision on removal); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025) ("The *Jennings* analysis explains the necessity for both statutes by differentiating between the detention of arriving aliens who are seeking entry into the United States under Section 1225 and the detention of those who are already present in the United States under Section 1226"); *Mosqueda v. Noem*, No. 25-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("The Court finds that the conflict is avoided by interpreting sections 1225(b)(2) and 1226(a) to apply to different sets of noncitizens—those "seeking admission" compared to

those already in the country who are arrested and detained."); *Pizarro Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025) (citation modified) ("Whereas § 1225 governs removal proceedings for 'arriving aliens,' § 1226(a) serves as a catchall … § 1226(a) is the 'default rule' and 'applies to aliens already present in the United States' . . . inclusion of both provisions … is likely … a way for Congress to capture noncitizens who fall outside of the specified categories"); *Barrera v. Tindall*, No. 25-541 (RGJ), 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (holding the text of § 1225 is focused "on inspections for noncitizens when they arrive" and "suggest[s] that Section of 1225 is limited to noncitizens arriving at a border or port and are presently 'seeking admission' into the United States"); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *7 (N.D. Ill. Oct. 24, 2025) (finding the petitioner's "proposed construction of Sections 1225 and 1226 honors the[] canons of statutory construction by giving ordinary meaning to all statutory provisions and words. Respondent's proposed construction, however, does not"); *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *6 (D. Colo. Oct. 17, 2025) ("the Court agrees with Petitioner that § 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) ("the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so'); *Elias v. Noem*, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *7 (D. Idaho Nov. 19, 2025) ("In reality, treating the detention of noncitizens stopped at or near the border differently from noncitizens who reside within the country . . . reflects the long-recognized distinction in our immigration laws and the Constitution that due process

protections apply to noncitizens residing within the country but not those stopped at or near the border").

## III.    CONCLUSION

For the reasons set forth above, the Court will grant the petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. 236.1(d).   An appropriate Order follows.


Date: November 21, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
